IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-00453-CMA-CBS

ALAN C. IVAR, an individual,
DEBORAH L. IVAR, an individual, and
CLIFFORD A. BERNSTEIN, an individual,

   Plaintiffs,

v.

ELK RIVER PARTNERS, LLC, a Georgia limited liability company,
DMB REALTY LLC, a Delaware limited liability company, d/b/a Marabou Realty,
JEFFREY TEMPLE, an individual,
JOHN HILLENBRAND, an individual,
M & I MARSHALL and ILSLEY BANK, a Wisconsin Corporation, and
DOES 1-100,

   Defendants.
_____

**ORDER PARTIALLY CONVERTING MOTION TO DISMISS (DOC. # 14) TO MOTION FOR SUMMARY JUDGMENT**
_____

This matter is before the Court on Defendants' Motion to Dismiss (Doc. # 14). This lawsuit stems from Plaintiffs Alan C. and Deborah Ivar, and Clifford A. Bernstein's purchase of undeveloped lots in a subdivision of Steamboat Springs, Colorado. Pursuant to Rule 12(b)(6), Defendants move to dismiss Plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation, and violation of the Interstate Land Sales Full Disclosure Act, on the ground that Plaintiffs' purchase agreements bar them

from claiming reliance on any alleged misrepresentations.[1]  (Doc. # 14 at 13-16; 23-24.) Although Defendants have attached the purchase agreements to their motion to dismiss, the agreements were not included with Plaintiffs' amended complaint.

Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  However, a court may consider extrinsic evidence in certain, limited situations: where the document "is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Defendants contend the purchase agreements meet this test.  (Doc. # 14 at 12 n.2.)  Plaintiffs disagree.  (Doc. # 23 at 5-7.)

The purchase agreements are certainly referenced in the complaint.  (Doc. # 10, ¶ 29 ("The Ivars executed a purchase agreement ('Ivar Purchase Agreement') for lot F7 in Marabou Ranch on January 30, 2007."), ¶ 30 ("Bernstein executed a purchase agreement ('Bernstein Purchase Agreement') for lot G3 in Marabou Ranch on March 3, 2007.").)  But mere reference is not enough.  Although a close question, the Court finds that the purchase agreements are not "central" to Plaintiffs' claims.  Plaintiffs' allegations focus on Defendants' misrepresentations leading up to the sale; there are no

---

[1] Plaintiffs dispute that reliance is required for a claim under the Interstate Land Sales Full Disclosure Act.  (Doc. # 23 at 20.)  The Court expresses no opinion on the merits of that issue at this point.

allegations that the purchase and closing process itself was tainted by fraud. While the purchase agreements are relevant in the sense that they help tie off the chronology, they are not the core of the complaint. *Compare, e.g.*, *Pace v. Swerdlow*, 519 F.3d 1067, 1068-72 (10th Cir. 2008) (where complaint alleged doctor retained as expert witness changed his opinion in state malpractice action, it was proper for district court to consider key documents from underlying malpractice case); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 940-41 (10th Cir. 2002) (where complaint alleged copyright infringement, it was proper for district court to consider the original and allegedly infringing works); *GFF Corp.*, 130 F.3d at 1385 (in breach of contract case involving bid for grocery store, it was proper for district court to consider letter memorializing bid where letter was frequently quoted from in complaint and sometimes referred to as the actual contract that was breached). Moreover, Plaintiffs dispute, albeit weakly, the authenticity of the documents (Doc. # 23 at 7, *see also* Doc. # 20-2), and Defendants did not attach any affidavit or other certification explaining that these documents are what they purport to be. Thus, the documents are not "indisputably authentic," as required. *GFF Corp.*, 130 F.3d at 1384.

For these reasons, the Court cannot consider the purchase agreements on a motion to dismiss. However, given the focused nature of this limited dispute, *i.e.*, whether the purported purchase agreements disclaim reliance, and in the interest of efficiency and economy, the Court exercises its discretion to convert the motion and consider the evidence. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir.

1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings." (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.* § 1366 (1990))). This Order provides the requisite notice to the parties. *See, e.g.*, *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) ("When a district court [converts a motion to dismiss into a motion for summary judgment], it must provide the parties with notice so that all factual allegations may be met with countervailing evidence.").

It is, therefore,

ORDERED that, as to the limited issue of whether reliance was disclaimed by the Marabou Ranch purchase agreements, the Court converts the motion to dismiss into a motion for summary judgment. Plaintiffs shall have 21 days from the date of this Order to present all material pertinent to that issue. *See* Fed. R. Civ. P. 12(d). Defendants' shall have 14 days from the date of Plaintiffs' response to submit any additional materials. It is further

ORDERED that, in submitting its materials, Plaintiffs shall indicate whether it has any meritorious bases for objecting to the authenticity of the purported purchase agreements attached to Defendants' motion to dismiss.

DATED:  January __27__, 2010

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge