IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00453-CMA-CBS

ALAN C. IVAR,
an individual,
DEBORAH L. IVAR,
an individual, and
CLIFFORD A. BERNSTEIN,
an individual,

      Plaintiffs,

v.

ELK RIVER PARTNERS, LLC,
a Georgia limited liability company,
DMB REALTY LLC,
a Delaware limited liability company, d/b/a Marabou Realty,
JEFFREY TEMPLE,
an individual,
JOHN HILLENBRAND,
an individual, and
DOES 1-100,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate to a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and as grounds therefor, state as follows:

1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such

information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made– not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential financial, banking, proprietary, and/or personal information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any

      business or other purpose whatsoever;

  b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information to an individual authorized to review Confidential Information pursuant to this Protective Order, shall advise such individual of the terms of the Protective Order, admonish each such individual to abide by the terms of the Protective Order, shall obtain and retain the original affidavits signed by authorized recipients of Confidential Information, and shall maintain a list of all individuals to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf

of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made, pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Any Party who inadvertently produces a document(s) protected by any privilege or the work product doctrine or inadvertently fails to identify a document(s) as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error to the Parties' counsel. Any Party, counsel, or authorized recipient of such improperly produced or designated documents shall return the original and all copies, and permanently destroy any electronic copy of such document(s). If the document(s) is not privileged, but should be classified as Confidential, such document(s) shall be returned to the producing Party for proper designation and marking.

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its

confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

      13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

      14.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

      15.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made.  At that time, counsel shall provide the Court and the Parties with verification that any of counsel's work product referencing Confidential Information has been destroyed.

      16.     Nothing in this Protective Order shall preclude any Party from filing a

motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 8th day of February, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

Dated:  January 29, 2010

    NEWMEYER & DILLION, LLP

    *s/ Jay B. Freedman*
    Jay B. Freedman
    895 Dove Street, 5th Floor
    Newport Beach, CA 92660
    Telephone: 949-854-7000
    Fax: 949-854-7099
    Email: jay.freedman@ndlf.com
    **ATTORNEYS FOR PLAINTIFFS/COUNTERDEFENDANTS**

    LANGDALE VALLOTTON, LLP

    *s/ William Pope Langdale, III*
    William Pope Langdale , III
    P.O. Box 1547
    1007 North Patterson Street
    Valdosta , GA 31601
    Telephone: 229-244-5400
    Fax: 229-244-0453
    Email: plangdale@langdalevallotton.com
    **ATTORNEYS FOR DEFENDANT ELK RIVER PARTNERS, LLC**

GREENBERG TRAURIG, LLP

*s/ Laura Sixkiller*
Laura Sixkiller
Jeffrey M. Lippa
1200 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6535
Facsimile: (303) 572-6540
Email: lippaj@gtlaw.com
**ATTORNEYS FOR DEFENDANTS DMB REALTY, LLC**
**AND JOHN HILLENBRAND**


HOLLAND & HART LLP

*s/ Timothy M. Rastello*
*Timothy M. Rastello*
*Mark B. Wiletsky*
*One* Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO  80302
Telephone: 303-473-2727
Fax:  303-975-5358
Email: trastello@hollandhart.com
            mbwiletsky@hollandhart.com
**ATTORNEYS FOR DEFENDANTS ELK RIVER PARTNERS, LLC**
**AND JEFFREY TEMPLE**


SMITH DOLLAR PC

*s/ Jon A. C. Vonder Haar*
Jon A.C. Vonder Haar
404 Mendocino Avenue, Second Floor
Santa Rosa, CA  95401
Telephone: 707.522.1100 Ext. 1112
Fax: 707.522.1101
Email: jvonderhaar@smithdollar.com
**ATTORNEYS FOR DEFENDANT/COUNTERCLAIMANT M&I BANK, FSB**

## EXHIBIT A

## **AFFIDAVIT**

STATE OF _____  )
                                       )   ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2. I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                            (Signature)

                                                            (Print or Type Name)
                                                            Address:

                                                            Telephone No.: (\_\_\_)

SUBSCRIBED AND SWORN to before me this * day of *, 2010\_\_, by

_____.WITNESS my hand and official seal.

                                                                                     Notary Public

[S E A L]

My Commission Expires: